1  **Ashwin Ladva (SB# 206140)**
   **LADVA LAW FIRM**
2  530 Jackson Street, 2nd Floor
3  San Francisco, CA 94133
   (415) 296-8844
4  (415) 296-8847 (fax)

5  Attorney for Plaintiff
6  Dylan Eacret, Jonathan MERRITT and others similarly situated

7

8              UNITED STATES DISTRICT COURT FOR THE

9              NORTHERN DISTRICT OF CALIFORNIA

10                                          )    Case No: 3:18-cv-04374
   DYLAN EACRET and JONATHAN                )
11 KENT MERRITT,individually and on         )
   behalf of others similarly situated      )
12                                          )
                                            )    **FIRST AMENDED CLASS ACTION**
13                                          )    **COMPLAINT FOR DAMAGES.**
                                            )
14          Plaintiffs,                     )
                                            )
15          v.                              )
                                            )
16 CRUNCH, LLC and DOES 1-100               )
                                            )
17                                          )
                                            )
18          Defendants.                     )
                                            )
19 _____      )

20

21     Plaintiff, DYLAN EACRET and JONATHAN KENT MARRITT, individually and on behalf of

22 all others similarly situated, for their complaint against CRUNCH, LLC and DOES 1-100, inclusive,

23 as follows:

24                          **THE PARTIES**

25

26    1. Plaintiff DYLAN EACRET resides in San Francisco County, California.  EACRET is

27 currently employed by Defendants and throughout his employment with Defendants, was a non-

28

First Amended Complaint for Damages

1    exempt employee working in the position of personal trainer and as such he should have been, and

2    should be, paid for all hours worked.

3        2.  Plaintiff, JONATHAN KENT MERRITT, resides in San Francisco County, California.

4
     MERRITT is no longer employed by Defendants.  MERRITT was a non-exempt employee working in
5
     the position of personal trainer.  MERRITT was not paid for all hours worked, was told to clock-out
6
     from work while he continued to suffer and provide benefits to Defendants.
7

8        3.  Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1

9    through 100, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this

10   Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and

11   believes, and therefore alleges, that each of the fictitiously named defendants is responsible in some

12   manner for the occurrences herein alleged, .  Plaintiffs will amend his complaint to add members of

13   the executive team, owners, and shareholders as permitted under Labor Code 588.1.

14
         4.  Defendant CRUNCH, LLC, (hereinafter "CRUNCH" or "Defendant") is a Corporation and
15

16   does business throughout California, including San Francisco County.  CRUNCH is in the business of

17   owning and operating gymnasiums and providing fitness related products to the general public.

18

19

20                              **CLASS ACTION ALLEGATIONS**

21
         5.  Plaintiffs bring this class action pursuant to California Code of Civil Procedure section 382 on
22

23   behalf of a Class consisting of all current and former employees who worked in the position of

24   "Personal Trainer" of Defendants in the State of California who were unlawfully deducting hours

25   worked of Plaintiffs and Class members.  Defendants also implemented a policy of forcing Plaintiffs and

26
     Class members to work off the clock.  As a proximate result, Plaintiffs and Class members suffered
27

28   damages during all applicable statutes of limitations (the "Class Period").

First Amended Complaint for Damages

6.    The wrongful acts or omissions were and are a uniform practice that affected all putative class members equally.  Defendants, by their practices and policies, have violated the rights of their employees under the California Labor Code, and the Unfair Competition Law.  The questions raised are therefore of common or general interest to the class members, and they have a well-defined community of interest in the questions of law and fact raised in this action.  The only recognizable difference between class members will be the total amounts owed to each individual member.

7.    Based on information and belief, Defendants have employed a large number of individuals in the State of California (a number known particularly to Defendants) since the beginning of the Class Period.  These individuals have been subject to Defendants' unlawful and wrongful practices, and their numerosity makes it impractical to bring them all before this forum, and disposition of their claims in a class action is a benefit to the parties and to the court.

8.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recover.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

9.    A class action is appropriate since Plaintiffs and class members' damages, although by no means inconsequential, do not rise to the level to make prosecution of individual claims economically feasible for Plaintiffs and class members to pursue.  The burden and expense of individual litigation makes it economically unfeasible for the members of the class to seek redress other than through a class action.  Consequently, there would be a failure of justice but for the maintenance of the present class action.

First Amended Complaint for Damages

10. The prosecution of individual remedies by members of the class would tend to establish inconsistent standards of conduct for the Defendants and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

11. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

12. Plaintiffs and members of the class have incurred and, during the pendency of this action, will incur attorneys' fees and expenses. Such attorneys' fees and expenses are necessary for the prosecution of this action and will result in a benefit to the class.

13. Upon information and belief, Defendants were aware of the facts herein alleged at the time they failed to perform the duties alleged herein.

14. The names and addresses of the persons who are members of the class are available from Defendants' records and are therefore known to Defendants. Notice can be provided to the member of the class by mail, or by using techniques and a form of notice similar to those customarily used in class actions under California law, with the costs of any notice to be borne by Defendants.

15. Defendants fail(ed) to pay split shift premiums in violation of Wage Order paragraph 4(c) Defendants routinely failed and fail to pay employees working split shifts (*i.e.* work schedules interrupted by non-paid non-working periods established by the employer, other than *bona fide* meal periods) one hour's pay at the minimum wage in addition to the minimum wage for hours worked that day. Employees are and were at times scheduled to work multiple shifts in the same day, with an unpaid, non-working break of longer than an hour between the shifts. Additionally, at times Defendants required and require employees to attend meetings that both began and ended hours before the employees' shifts began.

First Amended Complaint for Damages

16. **Defendants** fail(ed) to pay all earned wages (including overtime compensation, wages for off-the-clock work, reporting time pay, split shift premiums, and premium pay for missed meal and rest breaks) at least twice a month in violation of Labor Code section 204. As described above, Defendants systematically failed and refused to pay all overtime compensation and premium pay owed to their employees and required or knowingly permitted employees to perform work off the clock and without compensation. As such, although the employees received pay every two weeks, their wages were not timely paid in full, as required by the statute.

17. **Defendants** willfully fail(ed) to pay all earned wages (including overtime compensation, wages for off-the-clock work, reporting time pay, split shift premiums, and premium pay for missed meal and rest breaks) at the time of an employee's termination or within 72 hours of an employee's resignation in violation of Labor Code sections 201, 202, 203, and 206. For the reasons stated in the immediately preceding paragraph, the employees' earned wages were not timely paid in full following their separation from Defendants.

18. Plaintiffs and the entire Class have been, and/or still are, required to forego meal and rest periods as a term and condition of their employment.

19. The Defendants' unlawful acts and unfair trade practices have affected all members of the Class in a similar manner, i.e., all members of the Class have been unlawfully forced to work off the clock, have payroll records altered and not paid all wages according to statute. As a proximate result, Plaintiffs and Class members suffered damages. In addition, Defendants have failed to maintain accurate records of hours worked by employees. Among the questions of law and fact common to the Class are:

(a) Whether Defendants violated California wage laws as to Plaintiffs and Class Members.

(b) Whether Defendants forced Plaintiffs and Class members to work off the clock.

(c) Whether Defendants violated California overtime wage laws as to Plaintiffs and Class Members.

(c) Whether Defendants have unlawfully failed to maintain pay records of Plaintiffs and Class members, in violation of the California Labor Code.

(d) Whether Defendants have violated California law, including California's Unfair Competition laws (Business & Professions Code §§ 17200, et seq.), and/or California Labor Code § 226.7.

(e) Whether Plaintiffs and class members are owed waiting time penalties for Defendants' failure to pay all wages owed upon discharge or resignation.

(f) Whether Defendants violated the California Labor Code by failing to pay reporting time pay and split shift premiums;

(e) Whether Defendants violated the California Labor Code by failing to provide Class members with meal and rest breaks;

(f) Whether Defendants violated the California Labor Code by failing to pay Class members premium pay for missed or untimely meal periods and/or missed rest periods;

(g) Whether Defendants violated the California Labor Code by failing to keep accurate records of the time worked by Class members, reporting time penalties, split shifts and by failing to provide accurate itemized statements of earnings;

20. Defendants did not keep accurate payroll records as required by California law. Defendants fail(ed) to keep accurate records in violation of Wage Order paragraph 7(A). Because Defendants require their employees to work off the clock, and because they alter employee time records, they fail(ed) to maintain accurate information concerning the beginning and ending of each work period, meal periods, split shift intervals, and total hours worked by each employee.

21. Plaintiffs claims are typical of those of the Class he seeks to represent because Plaintiffs and all members of the Class were injured and/or continue to be injured in the same manner by Defendants' illegal acts and practices, and other wrongful conduct complained of herein.

22. Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsels who are experienced in class action litigation. Plaintiffs have no interests that are adverse to or in conflict with other members of the Class.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

23. EACRET is an employee of CRUNCH and is a personal trainer. EACRET started his employment on or around August 2015. Plaintiffs and Class Members pay would fluctuate based on the following factors: 1. if working with a client during a personal training session Plaintiffs and Class

Members would earn bonuses; 2. type of personal training session sold would determine the amount of said bonus. Plaintiffs and Class Members would earn $23 - $63 per an hour if performing personal training and minimum wage for all other hours compensated.

24. MERRITT was an employee of CRUNCH and held the position of Personal Trainer. At the time of MERRITT resignation, Defendant had an obligation to ensure within 72 hours that MERRITT was paid all wages owed. MERRITT, although he had repeatedly complained to management for having hours deducted or being forced to work of the clock, was not paid all wages owed. MERRITT and all Class Members who have stopped working for CRUNCH are owed waiting time penalties.

25. CRUNCH maintained control, oversight, and direction over Plaintiffs and Class Members (other personal trainers), during his scheduled shifts.

26. CRUNCH in essence failed to compensate Plaintiffs and Class Members for all hours worked.

27. **Upon information and belief, Crunch, LLC fail to provide Plaintiffs, and persons in their employment with meal and rest periods. Defendants' policies and practices towards its employees violate California Labor Code § 226.7, which provides:**

> **(a)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.**
>
> **(b)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.**

28. Plaintiffs and Class Members allege that CRUNCH routinely and systematically failed to compensate them for all hours worked. CRUNCH implemented a policy of coercing its Personal Trainers of working off the clock. CRUNCH, to implement its policy of wage theft, failed to keep true and accurate time records for all hours worked by Plaintiffs and Class Members. Plaintiffs and Class

Members, in fact, would have time cards altered by management to reduce the number of hours worked.

29. CRUNCH also expected Plaintiffs and Class Members to work off the clock and implemented a policy of having all personal trainers' clock out after each personal training session.

30. As a result of CRUNCH's intentional and deliberate violations of California wage and hour laws, Plaintiffs and Class Members were damaged by having wages, including overtime compensation, withheld from them. EACRET estimates, without the ability to audit his hours, that he worked approximately 1000 hours per year that he was not compensated. MERRITT estimates, without the ability to audit his hours, that he worked approximately 600-1000 hours per year that went uncompensated.

31. Plaintiffs and Class Members were also forced to work multiple hours without compensation which resulted in them receiving less than the minimum wage.

## ***FIRST CAUSE OF ACTION***

### **For Willful Violations of California Labor Code §§ 1194 (a), 510 and 204 –**
### **Failure to Pay All Wages and Overtime Under California Law**

32. Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

33. Under California law, the Defendants were required to pay wages for each hour worked, and overtime wages when non-exempt employees work over 8 hours in a day or 40 hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. Plaintiffs and Class Members have worked for Defendants without being paid for all hours worked, regular and overtime.

34. As a result of the Defendants' violation of statutory duties to comply with statutory wage requirements, as more fully set forth above, Plaintiffs and Class Members were damaged in an amount

1  above the jurisdictional limits of this Court.

2    35.     Defendants had a policy and practice of not including all wages, earnings, commissions

3  and bonuses in the calculation of overtime. This resulted in Plaintiffs being underpaid for all hours

4  worked.

5    36.     Plaintiffs and Class Members seeks as damages all wages owed to Plaintiffs and Class

6  Members by the Defendants.

7    37.     Plaintiffs and Class Members are entitled to, and therefore request, an award of pre-

8  judgment interest on the unpaid wages set forth herein.

9    38.     Plaintiffs and Class Members have incurred, and will continue to incur attorneys' fees

10  and costs in the prosecution of this action.  Plaintiffs and Class Members seek attorneys' fees under all

11  applicable provisions of law.  Wherefore, Plaintiffs prays judgment as set forth herein below.

12  

13  ### ***SECOND CAUSE OF ACTION***
**For Willful Violations of Labor Code § 226 –**

14  **Failure to Maintain Pay Records; Failure to Make Pay Records Available Upon Request**

15  **(Against All Defendants)**

16  

17    39.     Plaintiffs and Class Members repeats and reallege the preceding and subsequent

18  paragraphs as though set forth herein.

19    40.     The Defendants knowingly and intentionally failed to maintain accurate pay

20  records, and failed to allow plaintiffs and Class Members to inspect pay records upon request, in

21  violation of California Labor Code § 226.

22    41.     WC Wage Order No. 5-2001 paragraph 7 provides additionally, in pertinent part,

23  as follows: Every employer shall keep accurate information with respect to each employee

24  including the following: * * * (3) Time records showing when the employee begins and ends

25  each work period. Meal periods, split shift intervals and total daily hours worked shall also be

26  recorded. ... (5) Total hours worked in the payroll period and applicable rates of pay. * * * Every

27  employer shall semimonthly or at the time of each payment of wages furnish each employee ...

28  an itemized statement in writing showing: (1) all deductions...

First Amended Complaint for Damages

42.     Defendants have violated the above Labor Code section and Wage Order provision with respect to Plaintiff and the Class members by failing to keep accurate time records showing all hours worked and failing to provide accurate itemized statements of earnings and the amounts lawfully deducted from wages.

43.     As a direct result of the Defendants failure, Plaintiffs and Class Members were injured and are entitled to recover an amount to be proved at trial, of not less than $750 for each violation.

44.     Plaintiffs and Class Members are entitled to statutory penalties and attorneys' fees pursuant to Labor Code § 226 and California Code of Civil Procedure § 1021.5.  Wherefore, Plaintiffs and Class Members prays judgment as set forth herein below.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE-VIOLATIONS OF CALIFORNIA**
**LABOR CODE SECTIONS 1194(a), 1194.2, AND 1197**
**(Against all Defendants)**

45.   Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as set forth herein.

46.   Cal. Lab. Code §1194(a) provides: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Cal. Lab. Code §1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less the minimum so fixed is unlawful." Cal. Lab. Code §1194.2 provides in relevant part that: "In any action under...Section 1194 to recover wages because of a payment of wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

47. As a result Plaintiffs and Class Members suffered damages and are entitled to wages due him and attorneys' fees under all applicable provisions of law.

### *FOURTH CAUSE OF ACTION*
**For Willful Violations of California Labor Code §§ 201, 202, 203, and 203.1 –
Failure to Pay all Owed Overtime wages, Wages Upon Discharge or Quitting;
Waiting Time Penalties
(Against All Defendants)**

48. Plaintiffs and Class Members repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

49. At all times relevant, Plaintiffs and the Class members were covered by the provisions of California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately upon discharge or 72 hours after an employee quits, and/or when the wages became due at the end of each pay period (for all overtime hours worked).  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages

50. Plaintiffs and Class members are entitled to unpaid compensation, but to date have not received such compensation.  Defendants failed to pay Plaintiffs and Putitive Class members' earned wages on the date of the termination in the case of a discharge or a voluntary quit with more than 72 hours prior notice, or within 72 hours of the termination of the employment relationship in the case of a voluntary quit without such prior notice.

51. Plaintiffs and Class members' wages should never have been deducted and they should never have been forced to work off the clock. Defendants failed to return Plaintiffs and Class members' improperly deducted wages on or before the date of Class Members resignation or termination. Defendants failed to return to Plaintiffs and Class members' improperly deducted wages on the date of

First Amended Complaint for Damages

the termination in the case of a discharge or a voluntary quit with more than 72 hours prior notice, or within 24 hours of the termination of the employment relationship in the case of a voluntary quit without such prior notice.  As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiffs and Class members are entitled to 30 days wages as penalty under Labor Code § 203 &  Industrial Welfare Commission Order No. 5-2001 together with interest thereon and attorneys' fees and costs.  Wherefore, Plaintiffs prays judgment as set forth herein below.

### *FIFTH CAUSE OF ACTION*

#### For Violations of California Business and Professions Code Sections 17200, et seq. *Based Upon Defendants' Unfair Business Acts and Practices*

52.        Plaintiffs and Class Members repeats and reallege the preceding and subsequent paragraphs as though set forth herein.

53.        Plaintiffs and Class Members further brings this action pursuant to the Business and Professions Code Sections 17200, et seq., seeking restitution for monies owed for regular and overtime wages.

54.        The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice."  Plaintiffs have standing to bring this claim because he is a direct victim of the Defendants illegal and unfair business practices, which Defendants engaged in for their sole financial benefit.

55.        Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17201.  Each of the directors, officers, and/or agents of Defendants, and each of them, are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in the Business and Professions Code § 17095.

56.        Plaintiffs bring this action in the interest of the public pursuant to § 17203 of the California Business and Professions Code.  Plaintiffs bring this cause of action seeking restitution for the Defendants failure to pay Plaintiffs and Class Members regular and overtime wages and failing to pay all wages owed upon termination or resignation.

First Amended Complaint for Damages

57.    Plaintiffs and Class Members brings this action to pursue claims during a 4-year statute of limitations under § 17208 of the California Business and Professions Code.

58.    The following practices of Defendants, and each of them, are unlawful and unfair business practices under California Business and Professions Code §§ 17200 et seq.:

(a)    failure to pay all regular and overtime wages, in violation of the California Labor Code and all other applicable laws;

(b)    failure to maintain accurate pay records, and make those records available for inspection upon request by employees;

(c)    failure to comply with California minimum wage laws;

(d)    failure to pay all wages upon termination or resignation;

(e)    unjust enrichment due to the failure to pay wages, including overtime wages.

(f)    miscalculation of employees Overtime Wage Rate: failed to include all sales commissions, bonus rate of pay, varying wage rates and other wages in the calculation of Plaintiffs and California class members' overtime rate;

(g)    failure to provide rest breaks and meal periods pursuant to the California Labor Code and IWC wage orders;

(h)    failed to pay reporting time pay and split shift premiums;

59. At all times material to this action, the defendants conduct described above is an unfair, unlawful, and/or fraudulent business practice in violation of California Business & Professions Code §§ 17200 et seq.

60. As alleged hereinabove, the defendants have inequitably and unlawfully conspired, agreed, arranged and combined to violate California labor laws, as alleged herein.

61. As set forth below, Plaintiffs and Class Members are informed and believe and thereupon allege, that by failing to pay wages to Plaintiffs and Class Members, Defendants have engaged in business within the State of California in a manner that injured competitors, lead to misrepresentations to the

First Amended Complaint for Damages

public about the manner in which Defendants engaged in business, and/or destroyed competition in violation of Business and Professions Code § 17043.  Upon information and belief, Plaintiffs alleges that Defendants engaged in the acts and omissions heretofore alleged for the purpose of profiting from lower labor costs, and obtaining an unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of their employees and to the detriment of public policy for the lawful employment of employees.

62. Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices Act.

63.      As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiffs and Class Members have been denied due wages, both regular and overtime, all to their detriment and all to the defendant's illegal economic advantage.

64.      Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, by committing the above-described acts, have deceived the public by illegally depriving Plaintiffs and Class Members regular and overtime wages thus injuring its employees.

65.      Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices.  Plaintiffs and Class Members seek restitution of all unpaid wages owing to him and members of the general public, according to proof, that the Defendants have enjoyed as a result of the unfair business practices.

66.      Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

67.      In addition to restoration of all wages owed, Plaintiffs and Class Members seek to enforce penalties in the interest of themselves and in the interest of other employees of Defendants, and each of them, and in the interest of the general public pursuant to § 17202:

14

(a)    waiting time penalties (Labor Code § 203);

(b)    failure to maintain and make available for inspection accurate pay records (Labor Code § 226)

68.            Unless equitable relief is granted, Plaintiffs and others similarly situated will continue to be subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§ 17203, plaintiffs seeks a permanent injunction enjoining Defendants' continuing violations of California's Unfair Competition Law on the grounds that such acts described herein violate § 17200 of the Business and Professions Code and California's public policy.  Wherefore, Plaintiff prays judgment as set forth herein below.

SIXTH CLAIM FOR RELIEF

STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING

REQUIREMENTS

(Wage Order No. 5-2001 ¶ 7; Cal. Lab. Code § 226(b))

69.            Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

70.            California Labor Code § 226(a) provides, in pertinent part, as follows: Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing . . . gross wages earned, . . . total hours worked by the employee . . . [and ] all deductions . . . and . . . all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

71.            IWC Wage Order No. 5-2001 paragraph 7 provides additionally, in pertinent part, as follows: Every employer shall keep accurate information with respect to each employee including the following: * * * (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. … (5) Total hours worked in the payroll period and applicable rates of pay. * *

First Amended Complaint for Damages

\* Every employer shall semimonthly or at the time of each payment of wages furnish each employee … an itemized statement in writing showing: (1) all deductions…

72.          Defendants have violated the above Labor Code section and Wage Order provision with respect to Plaintiff and the Class members by failing to keep accurate time records showing all hours worked, split shifts, the correct overtime rate of pay and failing to provide accurate itemized statements of earnings and the amounts lawfully deducted from wages.

73.          California Labor Code § 226(e) provides, in pertinent part, as follows: An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees. 83. California Labor Code § 226(g) provides, in pertinent part, as follows: "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

74.          As a result of the aforesaid wrongful conduct of Defendants, Plaintiff and each Class member herein are entitled to penalties in the amount of $50 for the initial pay period for each violation by Defendants, and $100 for each such violation in every subsequent pay period during the relevant limitations period.

75.          As a result Plaintiffs and Class Members suffered damages and are entitled to statutory penalties, injunctive relief and attorneys' fees under all applicable provisions of law.

SEVENTH CLAIM FOR RELIEF

SPLIT SHIFT PREMIUM PAY

(Wage Order No. 5-2001 ¶ 4)

76.          Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein

77.          Paragraph 2(R) of the Wage Order defines "split shift" as a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." Paragraph 4(C) requires that "[w]hen an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday.

78.          As alleged above, Defendants routinely scheduled employees, including Plaintiff to work multiple shifts in the same day.

### EIGHTH CLAIM FOR RELIEF REPORTING TIME PAY

### (Wage Order No. 5-2001 ¶ 5)

79. Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

80. IWC Wage Order No. 5-2001 provides, in pertinent part, as follows: Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

81.  As alleged above, Defendants routinely scheduled more hourly employees for each shift than were permitted to work their full shifts. When this happened, one or more employees (often including Plaintiff) would arrive at work only to be sent home before having worked half their scheduled shifts – and often before even clocking in.

82. Defendants did not pay those employees reporting time pay, in violation of paragraph 5 of the Wage Order.

83. As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of reporting time pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

### NINTH CAUSE OF ACTION

First Amended Complaint for Damages

(On Behalf of Plaintiffs and the Entire Class)
Against All Defendants
For Willful Violations of California Labor Code § 226.7 –
Failure to Afford Mandatory Breaks or Meal Periods as Required by
IWC Orders and Labor Code

84. Plaintiffs repeat and realleges the preceding and subsequent paragraphs as though set forth herein.

85. At all times relevant, Plaintiffs and the Class members were covered by the provisions of Industrial Wage Commission ("IWC") Orders, including IWC Orders 1-2001.

86. The IWC Orders provide, in applicable part:

11. (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  In the case of employees covered by a valid collective bargaining agreement, the parties to the collective bargaining agreement may agree to a meal period that commences after no more than six (6) hours of work.

11. (B)  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

11. (C)  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

11. (D)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

12. (A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total

First Amended Complaint for Damages

daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

12. (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

87. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

88. Crunch, LLC routinely failed to provide Plaintiffs and the Class members with a 30-minute unpaid meal period within the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. Defendants routinely failed to provide Plaintiffs and the Class members with a second 30-minute meal period within the second five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiffs and the Class members are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the meal period was not provided, and any and all civil penalties provided by law.

89. CO Crunch, LLC routinely failed to provide Plaintiffs and the Class members with a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiffs and the Class members are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the rest period was not provided, and any and all civil penalties provided by law.

90. Crunch, LLC's policy and practice of denying Plaintiffs and the entire Class meal and rest periods constitutes a willful violation of California Labor Code § 226.7. Plaintiffs and the entire Class have sustained damages as a direct and proximate consequence of the Defendants' willful and illegal conduct, to wit, they have been forced to work continuously throughout the day, every day, without being allowed to take meal and rest periods.

91. Plaintiffs have incurred, and will continue to incur attorney fees and costs in the prosecution of this action. Plaintiffs seeks attorneys' fees under all applicable provisions of law. Wherefore, Plaintiffs prays judgment as set forth herein below.

TENTH CAUSE OF ACTION
Against All Defendants
(Violation of PAGA)

92.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

93.     This is a class action and a representative action for recovery of penalties under the California Labor Code Private Attorneys Act of 2004 ("PAGA"), Cal. Lab. Code section 2698 et seq., PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of herself and other current and former employees to address an employer's violations of the California Labor Code. Plaintiffs seek penalties on behalf of her/himself and other current and former employees of defendants as provided herein.

94.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by applicable wage order. Defendants violations of the labor code and wage orders include:

First Amended Complaint for Damages

a) failure to pay all regular and overtime wages, in violation of the California Labor Code and all other

applicable laws;

b) failure to provide rest breaks and meal periods pursuant to the California Labor Code and IWC

wage orders;

c) failure to maintain accurate pay records: including all hours worked, split shifts and/or the inaccurate

overtime rate of pay ;

d) unjust enrichment due to the failure to pay wages, including overtime wages.

e) Miscalculation of employees Overtime Wage Rate

f) failure to provide rest breaks and meal periods pursuant to the California Labor Code and IWC wage

orders;

g) Reporting Pay & Split shift wage violation


95.      PAGA permits an "aggrieved employee" to recover penalties on behalf of himself or

herself and other current or former employees as a result of the employer's violations of certain sections

of the California Labor Code.

96.      Plaintiffs have complied with the PAGA notice provision set forth in Cal. Lab. Code

section 2699.3(a)(1).   The Labor and Workforce Development Agency has not provided plaintiffs with

notice that it intends to investigate this violation, although 33 calendar days have elapsed since the

postmark date of plaintiff's notice.  Accordingly, plaintiff is entitled to commence this action.

97.      Plaintiffs request penalties against Defendants as provided under Lab. Code section

2699(f), plus reasonable attorneys' fees and costs, in amounts to be provided at trial.

ELEVENTH CAUSE OF ACTION
(On Behalf of Plaintiffs and the Entire Class)

First Amended Complaint for Damages

<u>Against All Defendants</u>
<u>For Unjust Enrichment</u>

98.  Plaintiffs repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

99.  By taking advantage of Plaintiffs' and Class members, Defendants, and each of them, were unjustly enriched at Plaintiffs' and Class members' expense.  Crunch, LLC gained an advantage by denying Plaintiffs and Class members regular and overtime wages, miscalculation of overtime rate, meal and rest periods and failure to maintain accurate pay records: including all hours worked, split shifts and/or the inaccurate overtime rate of pay.  As a proximate result, Plaintiffs and Class members suffered damages.  The interests of equity require that Defendants pay restitution and penalties for violating the Labor Code and Business and Professions Code.  Wherefore, Plaintiffs prays judgment as set forth herein below.

100.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs and Class Members prays for judgment against Defendants, and each of them, as follows:

      a.)  Certifying this action to proceed as a class action pursuant to California Code of Civil Procedure section 382 and designating Plaintiffs as the representative of the Class and his counsel as counsel for the Class;

      b.)  For damages for unpaid wages, including regular and overtime wages, and such general and special damages as may be appropriate, according to proof at trial;

      c.)  For penalties under Labor Code § 226(f);

      d.)  For liquidated damages;

      e.)  Waiting time penalties for failure to pay all wages upon discharge and/or at the end of each pay period;

First Amended Complaint for Damages

f.) Declaring that the concerted violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law, and violations of California's Labor Code;

g.) Permanently enjoining Defendants from continuing to engage in the unlawful concerted conduct described herein;

h.) Equitable remedies, including but not limited to, an equitable accounting, as the court deems just and proper under the circumstances;

i.) Granting Plaintiff the costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees;

j.) For all economic and non-economic damages;

k.) Granting such other relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

To the full extent available, Plaintiffs demands a trial by jury.

Dated:   May 12, 2019                               Ladva Law Firm

                                                    By: _____
                                                        Ashwin Ladva, Esq.

First Amended Complaint for Damages