UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DYLAN EACRET, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CRUNCH, LLC,<br><br>　　　　Defendant. | Case No. 18-cv-04374-JST   (RMI)<br><br>**ORDER**<br>Re: Dkt. Nos. 76, 80 |

On January 29, 2021, in contravention of the relevant provision of the undersigned's General Standing Order, Plaintiffs unilaterally filed a discovery dispute letter brief (dkt. 76) rather than filing a request for a telephone conference. *See* Gen. Standing Order ¶ 13(b). In light of Plaintiffs' failure to adhere to the strictures of that General Standing Order, the court ordered the parties to meet and confer forthwith, and then to jointly file a conforming letter brief. *See* Order of January 31, 2021 (dkt. 77). Thereafter, on February 5, 2021, the parties jointly filed their letter brief, through which Plaintiffs now seek to compel Defendant to immediately send contact information for putative class members to a third party administrator such that appropriate notices can be mailed to those class members pursuant to *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 57 Cal. Rptr. 3d 197 (2007). *See* Ltr. Br. (dkt. 80) at 1-3. Defendant opposes on grounds that all of the class action and representative action claims in this lawsuit have been settled in a related case (*Fox, et al. v. Crunch, LLC, et al.*, Sacramento Superior Court Case No. 34-2020-00276101) (settlement was preliminarily approved on January 28, 2021) and that allowing discovery to continue in this case would not only be duplicative, unnecessary, and burdensome, but it would cause widespread confusion among a single group of class members

1  who would be receiving notices of a class action settlement in *Fox* while receiving conflicting
2  *Belaiare-West* notices in this case. *See* Ltr. Br. (dkt. 80) at 3-4. Further, Defendant points out that
3  Plaintiffs have been granted leave to intervene in the *Fox* case (*see id*. at 3); and, in light of the
4  settlement in *Fox*, which Plaintiffs admit would operate to dispose of the claims and parties in this
5  case as well, Defendant has filed a motion to stay these proceedings, which is currently pending
6  before Judge Tigar. *See* Def.'s Mot. (dkt. 78). For the reasons stated below, Plaintiffs' request to
7  compel Defendant to immediately tender class members' contact information to the administrator
8  for sending of *Belair-West* notices is **DENIED**, and the undersigned herewith **STAYS** the prior
9  discovery order to that effect (dkt. 66) until after the resolution of the motion to stay the case.

10  Several months ago, the court ordered the parties to comply with the *Belaire-West* notice
11  procedure in this case because Plaintiffs sought telephone numbers, as well as other outlets of
12  contact information, for putative class members under circumstances attended with a heightened
13  risk of an invasion of those persons' privacy due to the likelihood of "a bombardment of phone
14  calls, letters, and emails from various plaintiffs' counsel . . . in reference to various lawsuits
15  against Crunch." *See* Ltr. Br. of October 26, 2020 (dkt. 4) at 3-4. It was Plaintiffs' position that a
16  *Belaire-West* notice procedure was unnecessary because of Plaintiffs' incorrect suggestion to the
17  effect that "[t]he predominant practice among courts in the Northern District is to allow pre-
18  certification discovery of putative class members (sic) contact information without requiring a
19  Belaire-West Notice." *Id*. at 1. For this proposition, Defendant cited to *Austin v. Foodliner, Inc.*,
20  No. 16-cv-07185-HSG (DMR), 2018 U.S. Dist. LEXIS 36685, at *8 (N.D. Cal. Mar. 6, 2018)
21  ("Accordingly, the court finds that a protective order will adequately address the privacy concerns
22  of the putative class members by limiting the distribution and usage of the contact information. A
23  *Belaire-West* notice is unnecessary under these circumstances."). However, in this case, the
24  undersigned found that there were special privacy concerns involved due to the pendency of
25  multiple overlapping lawsuits that might give rise to an appreciable likelihood of class members
26  being bombarded by phone calls, letters, and emails from various Plaintiffs' attorneys – and, as a
27  result of these 'special' privacy concerns, the undersigned was not persuaded by Plaintiffs'
28  suggestion that a protective order *in this case* would alleviate those concerns. *See e.g.*, *Bottoni v.*

*Sallie Mae, Inc.*, No. C 10-03602 LB, 2012 U.S. Dist. LEXIS 76451, 2012 WL 830434, at *3 (N.D. Cal. June 1, 2012) (ordering a *Belaire-West* notice given the "special privacy concerns [involved] because the class members had defaulted on their loans."). Primarily for this reason, but also based on the fact that Plaintiffs also sought contact information for putative class members tethered to their wage data such as overtime pay (*see* Ltr. Br. of October 26, 2020 (dkt. 63) at 1), on October 30, 2021, the undersigned entered an order directing the use of a *Belaire-West* notice process for the putative class members. *See* Order of October 30, 2020 (dkt. 66) at 1.

From that point forward, Plaintiffs chose to take two courses of action that were puzzling. While Plaintiff elected to neither seek reconsideration from the undersigned, nor review of that order before Judge Tigar, Plaintiffs have subsequently used every opportunity since the entry of that order to characterize it as error. For example, in Plaintiffs' unilaterally-filed and non-compliant discovery Letter Brief of January 29, 2021 (dkt. 76), without making any reference to the special privacy concerns that animated the court's decision to impose the *Belaire-West* notice procedure in this case, Plaintiffs again parroted the unhelpful and unpersuasive statement that "Plaintiff (sic) reminded the court that the predominant practice among courts in the Northern District is to allow pre-certification discovery of putative class members (sic) contact information **without** requiring a *Belaire-West* Noice." *See* Ltr. Br. of January 29, 2021 (dkt. 76) at 2 (emphasis in original) (once again citing *Austin v. Foodliner, Inc.*, 2018 U.S. Dist. LEXIS 36685, at *8 (N.D. Cal. Mar. 6, 2018)). More recently, on February 18, 2021, in an opposition to Defendant's motion to stay this case, Plaintiffs repeated their displeasure with the *Belaire-West* ruling as such: "Further, the magistrate judge in this case erroneously allowed Defendant to stall production until a *Belaire-West* Notice is produced despite the majority of courts in the Norther (sic) District stating that a *Belaire-West* notice is not required." *See* Pl.'s Opp. (dkt. 82) at 2.

It should not go without mention that, in foreshadowing the *real* concern fueling Plaintiffs' agitation and the rush to push this case forward at any cost when all involved (including Plaintiffs' counsel) agree that the *Fox* settlement extends to the class and representative claims in this case, Plaintiffs' unilaterally-filed letter brief ended with a short, but candid, discussion about counsel's personal interest in securing attorneys' fees in this case, which presumably might become

3

1   endangered to some degree if the settlement in *Fox* were to become the subject of a final approval
2   while this matter remains pending. *See* Ltr. Br. of January 29, 2021 (dkt. 76) at 3. Indeed,
3   Plaintiffs' counsel reiterated these concerns during the hearing on this dispute that took place on
4   February 23, 2021.

5         Defendant established that the prejudice and harm associated with rushing out the *Belaire-*
6   *West* notices in this case now (in addition to the unnecessary and burdensome facet of doing so)
7   would be the wholesale confusion that would result from putative class members receiving dueling
8   notices that tend to contradict one another – that is, the notices of class action settlement that they
9   will receive forthwith in *Fox* would tend to be contradicted by the *Belaire-West* notices from this
10  case. As a result, at the hearing, the undersigned indicated that the better course of action would be
11  for the court to stay its prior discovery order approving the *Belaire-West* notice process until after
12  Judge Tigar's resolution of the currently pending motion to stay the proceedings in this case.
13  Having made such a suggestion, the court then sought input from Plaintiffs' counsel as to what
14  might be the harm or prejudice to Plaintiffs if discovery was paused pending resolution of the
15  motion to stay. Plaintiffs' counsel candidly responded that within that span of time the case may
16  come to an end if the settlement in *Fox* were to become the subject of a final approval. While the
17  court appreciates Plaintiffs' counsel's frustration that even though this case was filed earlier, *Fox*
18  seems to have proceeded towards resolution more quickly; nevertheless, be that as it may,
19  counsel's desire to rush this case forward in an effort to secure attorneys' fees here is hardly a
20  suitable justification for the confusion that would assuredly flow from putative class members
21  receiving a notice of class action settlement in *Fox* at or near the same time as receiving *Belaire-*
22  *West* notices in this case informing them of a "new" class action case covering the same claims
23  and the same class and giving them the choice of opting out.
24  //
25  //
26  //
27  //
28  //

## CONCLUSION

Accordingly, Plaintiffs' request for the court to compel Defendant to send the list of contact information for putative class members to the *Belaire-West* notice administrator within 2 days is **DENIED**. For the reasons discussed above, the undersigned herewith **STAYS** the pertinent portion of the prior discovery order to that effect (dkt. 66) until after the resolution of Defendant's motion to stay the proceedings in this case (dkt. 78) currently pending before Judge Tigar.

**IT IS SO ORDERED.**

Dated: February 24, 2021

                                                                                                  _____
                                                                                                  ROBERT M. ILLMAN
                                                                                                  United States Magistrate Judge